UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Damon Hailey, | ) **C/A No. 4:07-3994-RBH-TER** |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Senator Luke Rankin; | ) |
| Rankin and Rankin, PA; and | ) |
| William S. Knowles, Horry County Sheriff, | ) |
| | ) |
| Defendants. | ) |

_____

### Background of this Case

The plaintiff is a resident of Myrtle Beach, South Carolina. The "lead" defendant is a private

attorney in Conway. The plaintiff has also named the "lead" defendant's law firm and the Sheriff

of Horry County as defendants. According to the "party information" provided by the plaintiff in

the complaint, the plaintiff is currently confined at the "Waccamaw Lighthouse."[1]

Both the "STATEMENT OF CLAIM" portion and the relief portion (Part V) of the complaint

are left blank, except for the plaintiff's signature on the last page of the complaint. Instead, the

plaintiff has inserted copies of similar letters sent by the plaintiff to the South Carolina Commission

on Lawyer Conduct, the Office of Disciplinary Counsel, the Clerk's Office of this court in Columbia,

the State Ethics Commission, and the "State Legislative Ethics Commission." The letters suggest

_____

[1]In a case filed contemporaneously with the above-captioned case, the plaintiff indicated that he
was confined at the Bryan Psychiatric Hospital, which is located north of Columbia. *See Complaint
in Hailey v. Bellamy*, Civil Action No. 4:07-3393-RBH-TER.

1

that the defendants were involved with the plaintiff's commitment proceedings in the Probate Court for Horry County.  It appears that the plaintiff believes that the "lead" defendant (a private attorney) has engaged in misconduct.  The letters also refer to a "mental health" matter handled by the Probate Court (2005-MH-26-120-1).

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915.  The review[2] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978).  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, ___ U.S. ___, 75

---

[2]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition or complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's or petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999).

An attorney does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980), *cert. denied*,

3

454 U.S. 1141 (1982) (court-appointed attorney); and *Polk County v. Dodson*, 454 U.S. 312, 317-24 & nn. 8-16 (1981) (public defender).

The district court in *Hall v. Quillen* had disposed of the case against a physician and a court-appointed attorney on grounds of immunity.  In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> * * * But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action.  This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff. * * *

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted).  *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."); and *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).[4]  Moreover, even if Senator Rankin and his law firm were involved in the court proceedings that resulted in the plaintiff's commitment to the South Carolina Department of Mental Health, the attorney's involvement does not constitute action under color of state law because it is well settled that "a private person does not act under color of state law simply because he invokes state authority."

---

[4]*Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983.  Federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (collecting cases).

4

*Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991), *cert. denied*, *Campbell v. Brummett*, 504 U.S. 965 (1992).[5]

Except for the sending of a letter to the "State Legislative Ethics Commission," there is no indication in the letters inserted into the complaint that the plaintiff is complaining about Senator Rankin's legislative activities. Even if the plaintiff had raised such allegations, Senator Rankin would be entitled to legislative immunity. *See Bogan v. Scott-Harris*, 523 U.S. 44(1998) (legislators at all levels of government are entitled to immunity for "legislative activities"); *Tenney v. Brandhove*, 341 U.S. 367 (1951); and *Haskell v. Washington Township*, 864 F.2d 1266, 1277 (6th Cir. 1988) ("legislators of any political subdivision of a state are absolutely immune from liability under 42 U.S.C. § 1983 insofar as they are acting in a legislative capacity"). *See also Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 403 (1979) (legislative immunity extends to "regional" legislatures); and *Rabkin v. Dean*, 856 F. Supp. 543, 546 (N.D. Cal. 1994). Furthermore, a federal district court may not ask present or former members of legislative bodies why they passed or did not pass a particular statute, or why they authorized funds for one purpose and did not authorize funds for another purpose. *South Carolina Education Association v. Campbell*, 883 F.2d 1251 (4th Cir. 1989), *cert. denied*, 493 U.S. 1077 (1990). *Cf. Sea Cabin on Ocean IV Homeowners Association v. City of North Myrtle Beach*, 828 F. Supp. 1241, 1242 n. 1 (D.S.C. 1993).

Negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); and *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels*

---

[5]In this citation, there are variant spellings of the party known as Camble or Campbell.

*v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]").  Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law.  *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989).

It is not clear whether Mr. Rankin actually represented the plaintiff in the probate court commitment proceedings.  With respect to an attorney's representation of a client in South Carolina, negligence and legal malpractice are causes of action under South Carolina law.  *See*, *e.g.*, *Epstein v. Brown*, 363 S.C. 372, 610 S.E.2d 816 (2005); *Brown v. Theos*, 345 S.C. 305, 550 S.E.2d 304 (2001), *affirming* 338 S.C. 305, 526 S.E.2d 232 (S.C.Ct.App. 1999); *Mitchell v. Holler*, 311 S.C. 406, 429 S.E.2d 793 (1993); and *Yarborough v. Rogers*, 306 S.C. 260, 411 S.E.2d 424 (1991).  A civil action for negligence or legal malpractice would be cognizable in this court under the diversity statute, if that statute's requirements are satisfied.  *Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992), *affirmed*, *Cianbro Corporation v. Jeffcoat and Martin*, 10 F.3d 806 [Table], 1993 U.S.App. LEXIS® 30080, 1993 WESTLAW® 478836 (4th Cir., November 22, 1993).  The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332.  Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side.  *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978).  The plaintiff is a citizen of South Carolina and the two

individual defendants are also citizens of South Carolina.  Hence, complete diversity of parties is absent in this case.  *See* 28 U.S.C. 1332; and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

This federal court lacks jurisdiction to consider the attorney disciplinary matters raised by the plaintiff before the South Carolina Commission on Lawyer Conduct or the Office of Disciplinary Counsel.  *Czura v. Supreme Court of South Carolina as Committee on Rules of Admission to Practice of Law*, 632 F. Supp. 267, 270 (D.S.C. 1986) (federal district court lacks jurisdiction to review decision in attorney disciplinary proceeding by Supreme Court of South Carolina), *affirmed*, *Czura v. Supreme Court of South Carolina*, 813 F.2d 644, 645-46 (4th Cir. 1987).  Similarly, under the holding in *Czura*, this federal court cannot consider the plaintiff's judicial complaint (filed with the South Carolina Commission on Judicial Conduct) concerning the Associate Probate Judge of Horry County.  *Cf. In the Matter of Parker*, 313 S.C. 47, 437 S.E.2d 37 (1993).

As earlier stated, Part V (the relief portion) of the complaint is left blank, except for the plaintiff's signature.  When a litigant has failed to ask for relief, a federal district court "is faced with the prospect of rendering an advisory opinion; federal courts may not render advisory opinions, however."  *Humphreys v. Renner*, 1996 WESTLAW® 88804 (N.D. Cal., February 26, 1996), *following FCC v. Pacifica Foundation*, 438 U.S. 726, 735 (1978) ("[F]ederal courts have never been empowered to issue advisory opinions.").  *See also Public Service Co. v. United States Environmental Protection Agency*, 225 F.3d 1144, 1148 n. 4 (10th Cir. 2000) (company's failure to ask for relief constitutes a request for an advisory opinion, which is barred by Article III).  *Cf. Herb v. Pitcairn*, 324 U.S. 117, 126 (1945) ("We are not permitted to render an advisory opinion[.]");[6]

---

[6]Other portions of the decision in *Herb v. Pitcairn* have been superannuated by later case law. *See Michigan v. Long*, 463 U.S. 1032 (1983).

*Neitzke v. Williams*, 490 U.S. at 322-330 (*held*: although district courts should not blur the distinction between the standards applicable to a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted and a dismissal under 28 U.S.C. § 1915 because a claim is frivolous, a patently insubstantial complaint, petition, or pleading may be dismissed); and *United States v. Burlington Northern Railroad Co.*, 200 F.3d 679, 699 (10th Cir. 1999) (refusing to respond to party's "request for guidance in future cases" because the request was "tantamount to a request for an advisory opinion").

William S. Knowles, the Sheriff of Horry County, is immune from suit under the Eleventh Amendment. Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* Section 23-13-550, South Carolina Code of Laws; and 1975 S.C.Att'y.Gen'l.Op. No. 47 (January 22, 1975); and Section 23-13-10 of the South Carolina Code of Laws, which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff. *See also Allen v. Fidelity and Deposit Company*, 515 F. Supp. 1185, 1189-91 (D.S.C. 1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *affirmed*, 694 F.2d 716 (4th Cir. 1982) [Table]; and *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State."). Indeed, any damages to the plaintiff, if awarded in this case, would be paid by the South Carolina State Insurance Reserve Fund. *Comer v. Brown*, 88 F.3d at 1332 ("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund.").

8

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process.  *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)].  *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous.  Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources.").  It is also recommended that the plaintiff's motion to proceed *in forma pauperis* (Entry No. 2) **be denied** because the above-captioned case is subject to summary dismissal.  The plaintiff's attention is directed to the important Notice on the next page.



s/Thomas E. Rogers, III
February 21, 2008                    Thomas E. Rogers, III
Florence, South Carolina          United States Magistrate Judge

9

<u>**Notice of Right to File Objections to Report and Recommendation**</u>

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

10